Maurice H. Brown and Mildred L. Brown, husband and wife v. Commissioner. The D. S. Brown Company v. Commissioner.
Brown v. Commissioner
Docket Nos. 66357, 66358.
United States Tax Court
T.C. Memo 1959-109; 1959 Tax Ct. Memo LEXIS 139; 18 T.C.M. (CCH) 483; T.C.M. (RIA) 59109; May 26, 1959
*139 Corporate distributions: Dividends v. interest: Note issued for assets. - Taxpayer incorporated his individual proprietorship business. All the assets were transferred, except machinery and equipment, to the corporation for $35,000 of its stock. He transferred the machinery and equipment, which was worth $180,000, to the corporation for its promissory note with interest at 4%. The Tax Court held that the corporation was adequately capitalized and the note was bona fide. Therefore, interest paid was deductible by the corporation and the payments of principal and interest to the shareholder did not represent a dividend. G. C. Scharfy, Esq., 700 United Savings Building, Toledo, O., for the petitioners. L. Robert Leisner, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined deficiencies in petitioners' income tax for the years and in the amounts as follows: Petitioner
Docket No.
Year
Deficiency
Maurice H. Brown and Mildred L. Brown
66357
1952
$7,865.36
1953
8,087.34
1954
6,408.80
The D. S. Brown Company
66358
Fiscal year ended
2,625.87
Oct. 31, 1953
*140 The issues presented for our decision are the correctness of the respondent's action (1) in determining that a promissory note executed by The D. S. Brown Company on August 5, 1949, was without substance and in fact represented equity capital, (2) in disallowing the deduction claimed by The D. S. Brown Company for interest paid to Maurice H. Brown pursuant to the promissory note, and (3) in determining that Maurice H. Brown received dividend distributions under the guise of payments of principal and interest from The D. S. Brown Company. Findings of Fact Petitioners Maurice H. Brown and Mildred L. Brown are husband and wife residing at North Baltimore, Ohio. They filed their joint income tax returns for 1952, 1953, and 1954 with the director at Toledo, Ohio. Petitioner The D. S. Brown Company, sometimes hereinafter referred to as the corporation or petitioner, is a corporation organized under the laws of the State of Ohio with its principal place of business located at North Baltimore, Ohio. Petitioner filed its income tax returns for the taxable years ended October 31, 1952, 1953, and 1954, with the director at Toledo, Ohio. The corporation kept its books of account and prepared *141 its income tax returns on an accrual basis. Petitioner is in the business of manufacturing and selling leather and synthetic rubber products. From 60 to 70 per cent of its sales are made to the automotive industry, primarily the Chrysler Corporation. The remainder of its products are sold primarily for agricultural use. The corporation employs between 50 and 70 employees. Prior to the incorporation of petitioner in 1949, Maurice H. Brown as sole proprietor had conducted a similar business since the middle 1920's under the name of The D. S. Brown Company. The business originally had been commenced by his father and Brown acquired it from his family. For a number of years prior to the incorporation of petitioner, Brown had been considering possible methods whereby he might create a satisfactory business vehicle which he could ultimately pass on to his three sons, Delmont, Galen, and Howard. He desired eventually to be able gradually to retire from the business and to permit his sons to take over its active management and ownership. For a number of years he had discussed these matters with his auditors and financial advisers, representatives of Arthur Young & Company. As a result *142 of extensive discussions with his auditors, and after rejecting as unsatisfactory the possibilities of continuing as sole proprietor or of forming a partnership with his sons, Brown decided to organize a corporation to which he would contribute certain operating assets and to which he would sell certain machinery and equipment. Consequently petitioner was organized on August 3, 1949. The corporation's authorized capital consisted of 1,000 shares of no par common stock, all of which were issued to Maurice H. Brown at the time of incorporation upon receipt from him of the following assets, subject to the following liabilities which petitioner assumed, as disclosed by its books: Assets received by petition-
er corporation
Cash
$17,462.87
Accounts receivable
24,902.38
Inventories
8,470.24
Equipment and automo-
biles
20,776.54
Prepaid insurance and
supplies
8,701.29
Total assets received per books
$80,313.32
Liabilities assumed by peti-
tioner corporation
Accounts payable
$15,612.40
Accrued salaries and
wages
23,842.35
Accrued taxes
3,104.70
Employees' payroll de-
ductions
1,891.99
Total liabilities assumed
$44,451.44
Difference between above
asset and liability totals
$35,861.88
*143 The foregoing figures represent the book value of the listed assets and liabilities as reflected on the books of Maurice H. Brown in connection with the business he personally conducted under the name of The D. S. Brown Company. The fair market value of the assets listed on Brown's books was substantially the same as the book value of those assets as shown above. The opening capital accounts of the corporation, as shown by its books, were as follows: Common capital stock (1,000 shares
at $35.00 per share)
$35,000.00
Capital surplus
861.88
$35,861.88
In addition to the assets listed on the books of Maurice H. Brown, as shown above, the corporation received as additional consideration for the issuance of its stock to him the following assets: Good will
$84,133.95
Molds
5,000.00
Small tools
2,500.00
Supplies and miscellaneous
3,000.00
Excess of fair market value of ma-
chinery and equipment sold by
Mr. Brown over sales price
($227,420 minus $180,219.49)
47,200.51
$141,834.46
On August 5, 1949, the board of directors of the corporation authorized the acquisition from Brown of certain machinery and equipment for $180,219.49 (its *144 book value as shown by the books of Maurice H. Brown), to be paid for by its unsecured promissory note drawn as follows: "$180,219.49 August 5, 1949 "The D. S. Brown Company does hereby promise to pay to the order of Maurice H. Brown, the sum of One Hundred Eighty-Thousand Two Hundred Nineteen and 40/100 Dollars ($180,219.40). Said note is payable in monthly installments of Fifteen Hundred Dollars ($1,500.00) or more beginning on the 5th day of September, 1949 until paid in full, said monthly installments to include interest and principal. Interest is payable at the rate of Four (4) per cent per annum computed monthly. Upon default in any installment the holder hereof may declare the full amount then remaining unpaid on said note, due and payable forthwith. "/s/ M. H. Brown Pres.-Treasurer "/s/ D. D. Brown Secretary" The purchase was completed on August 5, 1949, and the note was signed and delivered at that time. The petitioner regularly has made its monthly payments pursuant to the terms of the note executed August 5, 1949, and never has been in default. The amount of the outstanding unpaid balance on the principal of the note is approximately $60,000. The note has never *145 been subordinated to any other obligation of the corporation. Maurice H. Brown and his wife, Mildred, have three sons. At the time of the incorporation of petitioner, the approximate ages of Brown, his wife, and family were as follows: Maurice H. Brown
51
Mildred L. Brown
49
Delmont D. Brown
27
Galen C. Brown
25
Howard R. Brown
21 The oldest son, Delmont, was a full-time employee of petitioner at the time of its incorporation. Howard became a full-time employee in September 1953, and Galen in June 1955. Maurice H. Brown refused to contribute his machinery and equipment to the corporation in exchange for capital stock but insisted on selling it because the equipment represented a substantial part of his net worth which he did not desire to place permanently at the risk of the business. He further desired to diversify his estate and he wished to invest this part of his estate in other assets. Brown has consistently reported the interest received from the corporation pursuant to the terms of the promissory note executed August 5, 1949, on his income tax returns as interest income for the years of receipt. From the time of its incorporation the petitioner *146 has never been required to borrow funds from banks or other financial institutions, but has always operated at a profit (except during its fiscal year ended October 31, 1954, when its sales to Chrysler Corporation were curtailed due to a decrease in Chrysler sales during that year). It has followed a program of plowing earnings back into the business and has expanded its operations. Its earned surplus as of October 31, 1957, was approximately $140,000. Of the approximately $180,000 worth of machinery and equipment sold by Brown to the petitioner, approximately $40,000 worth was not required in the operation of the business since it consisted of electric powerproducing equipment and electric power was accessible from other sources. The remaining machinery and equipment purchased by the corporation (approximately $140,000) could have been leased from other owners rather than purchased. The petitioner had been approached with offers to lease such equipment on several occasions. The promissory note executed by the corporation on August 5, 1949, was valid on its face and represented a bona fide obligation of the petitioner issued in connection with the purchase by it of machinery and *147 equipment used in its business. Opinion The respondent has taken the position that the promissory note executed by the corporation on August 5, 1949, was without substance and in fact represented equity capital. Consequently the respondent has determined that the amounts paid by petitioner to Maurice H. Brown as principal and interest pursuant to the terms of the promissory note represent dividend distributions to him, and, further, that the amounts paid as interest are not deductible by the corporation. The petitioners contend that the execution and delivery of the promissory note by the corporation on August 5, 1949, in consideration of the acquisition from Brown of machinery and equipment constitute a sales transaction and create a valid debtor-creditor relationship between him and the corporation. Upon examining the record herein, we are impressed at the outset by the absence of any unbalance in the ratio of petitioner's equity capital to its indebtedness resulting from the execution of the promissory note in question. The existence of inadequate capitalization is a factor which normally is present in cases in which the respondent advances the contention which he makes *148 here. , affd. ; ; , affd. ; , reversed . Utilizing only the book entries, the ratio of indebtedness to capitalization would be $180,219.49 to $35,861.88, or approximately 5 to 1. However, additional assets not listed on the books were transferred to the corporation in consideration for the capital stock issued to Maurice H. Brown, which also must be taken into account in computing the debt-stock ratio. ; , affd. , certiorari denied . With these additional assets included (including good will valued at $84,133.95), a comparison of petitioner's indebtedness with its capitalization would disclose a debt-stock ratio of $180,219.49 to $177,696.34, or approximately 1 to 1. With the exception of 1954, the corporation was operated at a profit each year since it commenced operations *149 in 1949, and has never acquired or attempted to acquire additional funds either through debt or equity financing. Further, petitioner has been able to expand its operations, which it has financed out of its earnings, and has accumulated a substantial surplus. Consequently it is reasonable to conclude that the corporation clearly was adequately capitalized. The promissory note here in question possesses none of the attributes of capital stock. It is drawn for a fixed face amount, it calls for fixed monthy payments in the amount of $1,500, and imposes upon the petitioner an obligation to pay interest at the rate of 4 per cent. The note is negotiable and its collectibility does not depend upon the earnings of the corporation or upon any other contingency. The record discloses that the note has never been subordinated to the claims of other corporate creditors. The contract price of the assets, represented by the face amount of the note, was equal to the fair market value of the assets transferred at the time of transfer. Petitioner has never been delinquent in making payments on the note and at the time of the trial of the instant proceeding the outstanding unpaid balance had been reduced *150 from the original amount of $180,219.49 to approximately $60,000. The record shows that the reason for the refusal of Maurice H. Brown to accept the risks attendant upon a further capital investment in the new corporation and his insistence upon selling to petitioner a portion of his assets was the fact that he wished to diversify his estate so as to invest a portion of it in other assets. The record does not demonstrate that tax minimization was a primary consideration in Brown's decision to sell a part of his assets to the new corporation rather than to contribute those assets as capital. In view of the substantial investment of the transferor, Maurice H. Brown, in the stock of the corporation, the fact that the contract price or the face amount of the promissory note in question was equal to the fair market value of the assets transferred thereunder, the equal position of the claims of the transferor to the claims of other corporate creditors, the personal and business considerations motivating the noteholder to cast this transaction in the adopted form, the fact that the payments were to be made to the noteholder without regard to corporate earnings, the provision requiring *151 the payment of interest to Brown at a reasonable rate, the absence of any agreement not to enforce collection, and the subsequent timely payment of all of the installments which became due under the note since the time of its issuance, we are convinced that the transaction which was completed on August 5, 1949, represented a bona fide sale to the petitioner rather than a contribution to corporate capital. ; ; (on appeal C.A. 9); ; Accordingly, we hold that the execution of the promissory note by petitioner on August 5, 1949, constituted a sales transaction and created a valid debtor-creditor relationship between the corporation and Maurice H. Brown. The petitioner therefore is entitled to deduct the interest payments made pursuant to the note in question and neither the payments of principal nor interest represent dividend distributions to the transferor. Decisions will be entered for the petitioners.